# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT MCCLAIN,

    *Plaintiff,*

    v.

LVNV FUNDING, LLC,

    *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

GD-20-_____

**PRAECIPE FOR WRIT
OF SUMMONS**

Filed on Behalf of Plaintiff:
Robert McClain

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    jward@fentersward.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT MCCLAIN,                                        CIVIL DIVISION

       *Plaintiff,*                                **ELECTRONICALLY FILED**

       v.                                          GD-20-_____

LVNV FUNDING, LLC,

       *Defendant.*

<u>**PRAECIPE FOR WRIT OF SUMMONS**</u>

TO     PROTHONOTARY OF THE COURT OF COMMON PLEAS OF ALLEGHENY
        COUNTY, PENNSYLVANIA:

     Kindly issue a writ of summons in the above-captioned matter.


                         Respectfully submitted,

                         THE LAW FIRM OF FENTERS WARD

Date: July 16, 2020         By: _____
                         Joshua P. Ward (Pa. I.D. No. 320347)
                         Kyle H. Steenland (Pa. I.D. No. 327786)

                         The Law Firm of Fenters Ward
                         The Rubicon Building
                         201 South Highland Avenue
                         Suite 201
                         Pittsburgh, PA 15206

                         Counsel for Plaintiff

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT MCCLAIN,

        *Plaintiff*,

        vs.

LVNV FUNDING, LLC,

        *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No.: GD-20-007671

**PROOF OF SERVICE OF
WRIT OF SUMMONS**

Filed on Behalf of Plaintiff:
Robert McClain

Counsel of Record for This Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax:    (412) 540-3399
E-mail:    jward@fentersward.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT MCCLAIN,                                    CIVIL DIVISION

     *Plaintiff*,                                **ELECTRONICALLY FILED**

     vs.                                        Case No.: GD-20-007671

LVNV FUNDING, LLC,

     *Defendant.*


**PROOF OF SERVICE OF WRIT OF SUMMONS**

COMMONWEALTH OF PENNSYLVANIA        :
                                    :        §§
COUNTY OF ALLEGHENY                 :

**AFFIDAVIT**

    I, Joshua P. Ward, Esquire, of The Law Firm of Fenters Ward, hereby swear and affirm that on September 1, 2020, I served a true and correct copy of the Writ of Summons, by way of U.S. Certified Mail, Electronic Return Receipt Requested upon the following persons listed below: (See attached Exhibit A, "the Certified Mail Receipts").


LVNV Funding, LLC
6801 South Cimarron, Suite 424J
Las Vegas, Nevada 89113-2273

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: September 24, 2020                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT "A"

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Las Vegas, NV 89113

| | |
|---|---|
| Certified Mail Fee | $3.55 |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☑ Return Receipt (electronic) | $1.70 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $0.00 |

0006
02

Postmark
Here

Postage $0.55

Total Postage and Fees $5.80

08/28/2020

Sent To LVNV Funding Jt LLC

Street and Apt. No., or PO Box No. 6801 South Cimarron Rd Suite 4245

City, State, ZIP+4® Las Vegas, NV 89113 - 2273

7034 2280 0002 2638 4947

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**Certified Mail service provides the following benefits:**

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

2484.2
JK

**Important Reminders:**

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt;* attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form 3800, April 2015 *(Reverse)* PSN 7530-02-000-9047



September 24, 2020

Dear Brian Fenters:

The following is in response to your request for proof of delivery on your item with the tracking number:
**7019 2280 0002 2618 4947**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | September 1, 2020, 11:12 am |
| **Location:** | LAS VEGAS, NV 89113 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

| Recipient Signature |
|---|

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYVLANIA**

| | |
|---|---|
| ROBERT MCCLAIN, | CIVIL DIVISION |
| Plaintiff, | **ELECTRONICALLY FILED** |
| v. | Case No.: GD-20-007671 |
| LVNV FUNDING, LLC, | **PRAECIPE FOR RULE TO FILE COMPLAINT** |
| Defendant. | FILED ON BEHALF OF DEFENDANT LVNV FUNDING, LLC |

Counsel of Record for this Party:

Lauren M. Burnette, Esquire
PA Bar No. 92412

Messer Strickler, Ltd.
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223

Tel: (904) 527-1172
Fax: (904) 683-7353

lburnette@messerstrickler.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT MCCLAIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL DIVISION** |
| **v.** | : | |
| | : | **ELECTRONICALLY FILED** |
| **LVNV FUNDING, LLC,** | : | |
| | : | **Case No. GD-20-007671** |
| **Defendant.** | : | |
| | : | |

## PRAECIPE TO FILE COMPLAINT

**TO THE PROTHONOTARY:**

Please enter a Rule upon Plaintiff to file a Complaint within twenty (20) days hereof or

suffer the entry of a Judgment of Non Pros.



*/s/ Lauren M. Burnette*
Lauren M. Burnette, Esquire
*Counsel for Defendant*

---

## RULE TO FILE COMPLAINT

AND NOW, this _____ day of August 2020, a Rule is hereby granted upon Plaintiff to file

a Complaint herein within twenty (20) days after service hereof or suffer the entry of Judgment

Non Pros.



_____
Prothonotary

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 7, 2020, a true copy of the foregoing document was served as

follows:

<u>*By Email and U.S. Mail, Postage Prepaid*</u>
Joshua P. Ward
Kyle H. Steenland
The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Ave.
Suite 201
Pittsburgh, PA 15206
jward@fentersward.com
ksteenland@fentersward.com
*Counsel for Plaintiff*

**MESSER STRICKLER, LTD.**


By:     <u>*/s/ Lauren M. Burnette*</u>
         LAUREN M. BURNETTE
         PA Bar No. 92412
         12276 San Jose Blvd.
         Suite 720
         Jacksonville, FL 32223
         (904) 527-1172
         (904) 683-7353 (fax)
         lburnette@messerstrickler.com
         *Counsel for Defendant*


Date: October 7, 2020

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT MCCLAIN,

        *Plaintiff*,

        vs.

LVNV FUNDING, LLC,

        *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-007671


**COMPLAINT IN CIVIL ACTION**


Filed on Behalf of Plaintiff:
Robert McClain


Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**


Joshua P. Ward
Pa. I.D. No. 320347



The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206


Telephone:    (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:       jward@fentersward.com

## **NOTICE TO DEFEND**

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ROBERT MCCLAIN,

     *Plaintiff*,

     vs.

LVNV FUNDING, LLC,

     *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-007671

## COMPLAINT

AND NOW, comes Plaintiff, Robert McClain, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, LVNV Funding, LLC, of which the following is a statement:

## PARTIES

1.  Plaintiff, Robert McClain (hereinafter "Robert McClain"), is an adult individual who currently resides at 464 Saxman Road, Latrobe, Pennsylvania 15650.

2.  Defendant,LVNV Funding, LLC (hereinafter "LVNV Funding"), is a corporation with its principal place of business located at 6801 South Cimarron, Suite 424J,  Las Vegas, Nevada 89113-2273.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4.  Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

**PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

5.      On May 20, 2019, LVNV Funding, filed a Civil Complaint against Robert McClain in Magisterial District Court at Docket Number: MJ-10208-CV-0000155-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      In response to the aforesaid lawsuit, Robert McClain engaged The Law Firm of Fenters Ward for representation.

7.      On July 1, 2019, The Law Firm of Fenters Ward served LVNV Funding with a letter, (hereinafter, the "First Dispute Letter") wherein LVNV Funding was informed of the disputed nature regarding the alleged debt and that Robert McClain was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.      This First Dispute Letter specifically stated that Robert McClain "denie[d] owing LVNV Funding, LLC any amount of money" and informed LVNV Funding, LLC that Robert McClain disputed any and all "Debts" LVNV Funding claimed to possess. See Exhibit "B".

9.      "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [LVNV Funding] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

10.     Within the First Dispute Letter, The Law Firm of Fenters Ward demanded "proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and amendments thereto, any other written or signed documents agreed to by my client, as well as a complete history of billing statements reflecting how you calculated the current

3

amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts." See Exhibit "B".

11.    Following the First Dispute Letter, LVNV Funding possessed a duty to reflect the disputed nature of any and all tradelines associated with Robert McClain and to communicate said disputed nature to any and all credit reporting agencies.

12.    Furthermore, LVNV Funding was directed to cease and desist from contacting Robert McClain directly. See Exhibit "B".

13.    On July 1, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Robert McClain's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

14.    On July 17, 2019, a Civil Action Hearing was held before the Honorable Michael R. Mahady, Magisterial District Judge. See Exhibit "A".

15.    On July 17, 2019, at the conclusion of the Civil Action hearing, Judge Michael R. Mahady granted a JUDGMENT FOR DEFENDANT in favor of Robert McClain and against LVNV Funding. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "D".

16.    On August 16, 2019, LVNV Funding's appeal period expired, making Judge Michael R. Mahady's JUDGMENT FOR DEFENDANT a final judgment: rendering the alleged debt extinguished, invalid, and unenforceable.

17.    A credit report issued on August 29, 2019, showed that on August 6, 2019, LVNV Funding communicated credit information to Equifax as LVNV Funding "updated" the tradeline

4

associated with the alleged and later extinguished debt. A true and correct copy of the tradeline is attached hereto, made a part hereof, and marked as Exhibit "E".

18.     Upon information and belief, LVNV Funding failed to remove the tradeline pertaining to the alleged and extinguished debt and instead reported the abovementioned tradeline as "Status – Collection Account" and "ADDITIONAL INFORMATION – Consumer Disputes This Account Information; Collection Account." See Exhibit "E".

19.     This controverted the alleged, extinguished, and unenforceable nature of the alleged debt and purported the alleged debt to be enforceable.

20.     Therefore, upon information and belief and in subsequent updates, LVNV Funding communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

21.     Furthermore, upon information and belief and in subsequent updates, LVNV Funding falsely represented the character and legal status of the alleged and extinguished debt upon purporting the tradeline to be enforceable in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

22.     A credit report issued on August 30, 2019, showed that on August 6, 2019, LVNV Funding furnished credit information about Robert McClain to TransUnion as LVNV Funding "updated" the tradeline associated with the alleged and later extinguished debt. A true and correct copy of the tradeline is attached hereto, made a part hereof, and marked as Exhibit "F".

23.     Upon information and belief, LVNV Funding failed to remove the tradeline pertaining to the alleged and extinguished debt and instead reported the abovementioned tradeline as "Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<" and "Pay Status: >In Collection<". See Exhibit "F".

24.    This controverted the alleged, extinguished, and unenforceable nature of the alleged debt and purported the alleged debt to be enforceable.

25.    Therefore, upon information and belief, LVNV Funding communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

26.    Furthermore, upon information and belief, LVNV Funding falsely represented the character and legal status of the alleged and extinguished debt upon purporting the tradeline to be enforceable in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692,** *et seq.*

27.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

28.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

29.    The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

30.    Robert McClain is a "consumer" as defined by § 1692a(3) of the FDCPA.

31.    LVNV Funding is a "debt collector" as defined by § 1692a(6) of the FDCPA.

32.    Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any

obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

the money, property, insurance, or services which are the subject of the transaction are primarily

for personal, family, or household purposes, whether or not such obligation has been reduced to

judgment." 15 U.S.C. § 1692a(5).

33.    The Third Circuit has held that the FDCPA is to be enforced by private attorney

generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

34.    Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section: (2) The false
> representation of – (A) the character, amount, or legal status of any
> debt; (8) Communicating or threatening to communicate to any
> person credit information which is known or which should be known
> to be false, including the failure to communicate that a disputed debt
> is disputed.

15 U.S.C. § 1692e of the FDCPA.

35.    On August 16, 2019, LVNV Funding's appeal period expired, making the

Judgment of Judge Michael R. Mahady a final judgment which then rendered the alleged debt

extinguished, invalid, and unenforceable.

36.    A credit report issued on August 29, 2019, showed that on August 6, 2019, LVNV

Funding furnished credit information to Equifax and reported that the tradeline associated with the

alleged and later, extinguished, invalid, and unenforceable debt was "Status – Collection Account"

and "ADDITIONAL INFORMATION – Consumer Disputes This Account Information;

Collection Account." See Exhibit "E".

37.    This communication of credit information associated with the alleged and

extinguished debt controverted its extinguished, invalid, and unenforceable nature and thereby

constituted a false representation of the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

38.     Upon communicating credit information that controverted the extinguished nature of the alleged debt, LVNV Funding thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

39.     Additionally, LVNV Funding, upon information and belief, failed to remove the tradeline pertaining to the alleged and extinguished debt. See Exhibit "E".

40.     The continued reporting of said alleged, extinguished, invalid, and unenforceable debt purported the alleged debt to be enforceable.

41.     Therefore,  upon information and belief, LVNV Funding once again falsely represented the character and legal status of an alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA and communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

42.     A credit report issued on August 30, 2019, showed that on August 6, 2019, LVNV Funding furnished information regarding the alleged and later, extinguished, invalid, and unenforceable debt to TransUnion.

43.     LVNV Funding reported that the tradeline associated with the abovementioned alleged and extinguished debt was "Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<" and "Pay Status: >In Collection<." See Exhibit "F".

44.     This communication of credit information associated with the alleged and extinguished debt controverted its extinguished, invalid, unenforceable nature and thereby constituted a false representation of the character and legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

8

45.    By controverting the alleged, extinguished, invalid, and unenforceable nature of the alleged debt, LVNV Funding, upon information and belief, thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

46.    Furthermore, LVNV Funding, upon information and belief, failed to remove the tradeline pertaining to the alleged and extinguished debt. See Exhibit "F".

47.    The continued reporting of the alleged, extinguished, invalid, and unenforceable debt purported said alleged debt to be enforceable.

48.    Therefore, upon information and belief, LVNV Funding once again falsely represented the character and legal status of an alleged debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA and communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

49.    Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

50.    Here, the only natural consequence of LVNV Funding's acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Robert McClain.

51.    As such, LVNV Funding's conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

52.    Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any

action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

53.    As a direct and proximate result of LVNV Funding's violations of the FDCPA, as set forth above, Robert McClain has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Robert McClain, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, LVNV Funding, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: October 7, 2020                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT A

# Magisterial District Judge 10-2-08

## DOCKET

Docket Number: MJ-10208-CV-0000155-2019

# Civil Docket

LVNV Funding LLC
v.
Robert  McClain

Page 1 of 2



### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Michael R. Mahady | File Date: | 05/20/2019 |
| Claim Amount: | $2,907.85 | Case Status: | Closed |
| Judgment Amount: | | County: | Westmoreland |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 06/20/2019 | 10:55 am | | Magisterial District Judge Michael R. Mahady | Continued |
| Civil Action Hearing | 07/09/2019 | 11:05 am | | Magisterial District Judge Michael R. Mahady | Continued |
| Civil Action Hearing | 07/17/2019 | 12:15 pm | | Magisterial District Judge Michael R. Mahady | Scheduled |

### CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | McClain, Robert | Latrobe, PA 15650 |
| Plaintiff | LVNV Funding LLC | Greenville, SC 29603 |

### DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-10208-CV-0000155-2019 | LVNV Funding LLC | Robert McClain | Judgment for Defendant | 07/17/2019 |

### ATTORNEY INFORMATION

| **Private** | **Private** |
|---|---|
| Name:  Brian J Fenters, Esq. | Name:  Ian Zev Winograd, Esq. |
| Representing:  McClain, Robert | Representing:  LVNV Funding LLC |
| Counsel Status:  Active - Entry of Appearance | Counsel Status:  Active - Entry of Appearance |
| Supreme Court No.:  320202 | Supreme Court No.:  317465 |
| Phone No.:  412-545-3016 | Phone No.:  973-753-5100 |
| Address:    The Law Firm of Fenters Ward<br>201 South Highland Avenue, Suite 201<br>Pittsburgh, PA  15206 | Address:    Pressler, Felt & Warshaw, LLP<br>7 Entin Road<br>Parsippany, NJ  07054 |
| Entry of Appearance Filed Dt:  07/01/2019 | Entry of Appearance Filed Dt:  05/20/2019 |
| Withdrawal of Entry of Appearance Filed Dt: | Withdrawal of Entry of Appearance Filed Dt: |

MDJS 1200                                                                                    Printed: 07/18/2019  12:18 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 10-2-08

## DOCKET



Docket Number: MJ-10208-CV-0000155-2019

**Civil Docket**

LVNV Funding LLC
v.
Robert  McClain

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 07/17/2019 | Judgment for Defendant | Magisterial District Court 10-2-08 | Robert McClain, Defendant |
| 07/01/2019 | Entry of Appearance Filed | Brian J Fenters, Esq. | Robert McClain, Defendant |
| 07/01/2019 | Intent to Defend Filed | Robert McClain | Robert McClain, Defendant |
| 06/27/2019 | Certified Civil Complaint Undeliverable | Magisterial District Court 10-2-08 | Robert McClain, Defendant |
| 06/20/2019 | Civil Complaint Successfully Served | Magisterial District Court 10-2-08 | Robert McClain, Defendant |
| 06/17/2019 | Civil Complaint Issued via Hand Delivery | Magisterial District Court 10-2-08 | Robert McClain, Defendant |
| 05/20/2019 | Certified Civil Complaint Issued | Magisterial District Court 10-2-08 | Robert McClain, Defendant |
| 05/20/2019 | Entry of Appearance Filed | Ian Zev Winograd, Esq. | LVNV Funding LLC, Plaintiff |
| 05/20/2019 | Civil Complaint Filed | LVNV Funding LLC | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B

THE LAW FIRM OF
# FENTERS WARD
A I M   T O   W I N

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399    FAX

July 1, 2019

LVNV Funding LLC
c/o Ian Zev Winograd, Esq.
Pressler, Felt & Warshaw, LLP
7 Entin Rd.
Parsippany, NJ 07054

**Sent via U.S. Mail**

Re:    Our Client:          Robert McClain
       Docket Number:   MJ-10205-CV-0000155-2019
       Account #'s:         XXX

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **Robert McClain** with a current address of <u>464 Saxman Rd., Latrobe, PA 15650</u>.  My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts").  Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies.  My client denies owing **LVNV Funding LLC** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 <u>et seq.</u> we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4.  the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5.  *LVNV Funding* method of calculating any amount claimed in excess of the charge-off balance;

6.  a copy of the statement where *LVNV Funding* offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL.  **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.**  You may direct the requested proof to my office at the address listed above.  **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.**  All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT.  IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,


*/s/ Joshua P. Ward, Esq.*

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com




JPW/slk
cc: Robert McClain

**UNITED STATES POSTAL SERVICE®**

**Firm Mailing Book For Accountable Mail**

| Name and Address of Sender | Check type of mail or service | |
|---|---|---|
| THE LAW FIRM OF FENTERS WARD 201 SOUTH HIGHLAND AVE, SUITE 201, PITTSBURGH, PA 15206 | ☐ Adult Signature Required ☐ Adult Signature Restricted Delivery ☐ Certified Mail ☐ Certified Mail Restricted Delivery ☐ Collect on Delivery (COD) ☐ Insured Mail ☐ Priority Mail | ☐ Priority Mail Express ☐ Registered Mail ☐ Return Receipt for Merchandise ☐ Signature Confirmation ☐ Signature Confirmation Restricted Delivery |

Affix Stamp Here (for additional copies of this receipt). Postmark with Date of Receipt.

| USPS Tracking/Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | (Extra Service) | Handling Charge | Actual Value, if Registered | Insured Value | Due Sender if | ASR Fee | ASRD Fee | RD Fee | RR Fee | SC Fee | SCRD Fee | SH Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4. Robert McClain CV-150 1st dispute letter | LVNV dba/an Zev Winograd Pressler, Felt & Warshaw 7 Etin Rd Parsippany, NJ 07054 | | | | | | | | | | | | | |

Total Number of Pieces Listed by Sender / Total Number of Pieces Received at Post Office / Postmaster, Per (Name of receiving employee)

PS Form 3877, January 2017 (Page 1 of 2)  SN 7530-02-000-9098  Complete in Ink  Privacy Notice: For more information on USPS privacy policies, visit usps.com/privacypolicy.

EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF



# ENTRY OF APPEARANCE PURSUANT TO PARCPMDJ 207.1(A)

```
Mag. Dist. No:
MDJ Name:

Address:


Telephone:
```

_____

                        v.

_____


Docket No:
Case Filed:

**TO THE MAGISTERIAL DISTRICT COURT:**

       Please enter my appearance on behalf of _____
In the above captioned matter.


Attorney Name: _____

Supreme Court of Pennsylvania Attorney Identification Number: _____

Firm Name: _____

Address: _____

City, ST, Zip: _____

Telephone Number: _____


I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.


_/s/ Brian J Fenters_____          _____

**Signature of Applicant**                              **Date**

**FREE INTERPRETER**
www.pacourts.us/language-rights

THE LAW FIRM OF

# FENTERS WARD

A I M   T O   W I N

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399     FAX

July 1, 2019

Magisterial District Number: 10-2-08

Honorable Michael R. Mahady

5954 Route 981, Suite 1

Latrobe, PA 15650

Phone: 724-539-7135

**Sent via:** Fax 724-539-7136

**RE:       CV-155-2019. LVNV Funding LLC v Robert McClain**

## INTENT TO DEFEND NOTICE:

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Sincerely,

*/s/ Brian Fenters*

Brian J. Fenters, Esq.
bfenters@fentersward.com
PA Bar# 320202
412-545-3016

BF/slk
CC: Robert McClain

EXHIBIT D

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF WESTMORELAND



**NOTICE OF JUDGMENT/TRANSCRIPT CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-10-2-08 |
| MDJ Name: | Honorable Michael R. Mahady |
| Address: | 5954 Route 981<br>Suite 1<br>Latrobe, PA 15650 |
| Telephone: | 724-539-7170 |

LVNV Funding LLC
v.
Robert McClain

Brian J Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Docket No:   MJ-10208-CV-0000155-2019
Case Filed:  5/20/2019

---

**Disposition Details**

**Disposition Summary** (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-10208-CV-0000155-2019 | LVNV Funding LLC | Robert McClain | Judgment for Defendant | 07/17/2019 |

**Comments:**

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION.   YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

7/17/19
Date

_Michael R Mahady_

Magisterial District Judge Michael R. Mahady



I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____
Date

_____
Magisterial District Judge



RECEIVED
JUL 1 9 2019

---

**FREE INTERPRETER**
www.pacourts.us/language-rights
724-830-3829

LVNV Funding LLC
v.
Robert McClain

Docket No.: MJ-10208-CV-0000155-2019

# Participant List

**Private(s)**

Brian J Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA  15206

Ian Zev Winograd, Esq.
Pressler, Felt & Warshaw, LLP
7 Entin Road
Parsippany, NJ  07054

**Plaintiff(s)**

LVNV Funding LLC
c/o Resurgent Capital Services, LP
P O Box 10466
Greenville, SC  29603

**Defendant(s)**

Robert McClain
464 Saxman Rd
Latrobe, PA  15650



**FREE INTERPRETER**
www.pacourts.us/language-rights
724-830-3829

**VERIFICATION**

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: October 7, 2020                 By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

12

# CONFIDENTIAL
# DOCUMENT FORM



*Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*
204 Pa. Code § 213.81
www.pacourts.us/public-records

_____              _____
(Party name as displayed in case caption)              Docket/Case No.

            Vs.

_____              _____
(Party name as displayed in case caption)              Court

This form is associated with the pleading titled _____, dated _____, _____.

Pursuant to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*, the Confidential Document Form shall accompany a filing where a confidential document is required by law, ordered by the court, or is otherwise necessary to effect the disposition of a matter. This form shall be accessible to the public, however the documents attached shall not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the court, and the custodian. **Please only attach documents necessary for the purposes of this case**. Complete the entire form and check all that apply. This form and any additional pages must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is referenced in the filing: |
|---|---|
| Financial Source Documents | |
|    Tax Returns and schedules | |
|    W-2 forms and schedules including 1099 forms or similar documents | |
|    Wage stubs, earning statements, or other similar documents | |
|    Credit card statements | |
|    Financial institution statements (e.g., investment/bank statements) | |
|    Check registers | |
|    Checks or equivalent | |
|    Loan application documents | |
| Minors' educational records | |
| Medical/Psychological records | |
| Children and Youth Services' records | |
| Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33 | |
| Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Joshua P. Ward*
_____              _____
Signature of Attorney or Unrepresented Party              Date

Name: _____              Attorney Number: (if applicable) _____

Address: _____              Telephone: _____

_____              Email: _____

Rev. 7/2018